UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHANIE MENDOZA,

        **Plaintiff,**

v.                                                                                    Case No:   6:16-cv-764-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Stephanie Mendoza (the "Claimant"), appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying her application of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Appeals Council erred by failing to review the Administrative Law Judge's (the "ALJ") decision in light of new evidence submitted for the first time to the Appeals Council. Doc. No. 18 at 18-23. Claimant requests that the Commissioner's final decision be reversed and remanded for further proceedings. *Id.* at 34. For the reasons set forth below, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings.

### I.    BACKGROUND

#### A.  Claimant's Treatment with Dr. Weiss

The history of this case is essential to its outcome. On January 8, 2015, Claimant visited Dr. Gary Weiss with complaints of back pain. R. 532. After the visit, Dr. Weiss recorded his impressions in a treatment note. R. 532-535. Dr. Weiss' treatment notes show Claimant making formal visits with Dr. Weiss three additional times: 1) on January 22, 2015; 2) on April 28,

2015; and 3) on September 15, 2015. R. 523, 539, 574.[1] None of the aforementioned treatment notes contain specific functional limitations. R. 523-542, 573-76.

On July 22, 2015, Dr. Weiss completed a Physical Restrictions Evaluation Form (the "Physical Evaluation"). R. 569-572. Dr. Weiss stated that the Physical Evaluation covered the time period from December 6, 2014 to July 22, 2015. R. 569. The following statements are taken from the Physical Evaluation. Claimant should sit without interruption for thirty to sixty minutes. R. 569. Claimant should stand or walk without interruption for five to ten minutes. *Id.* Claimant can sit for three hours, stand/walk for one hour, and lie down/recline for four hours in an eight-hour work day. *Id.* Claimant is totally and permanently disabled. *Id.* Claimant is unable to lift or carry because of her disability.[2] R. 570. Claimant's impairments are reasonably expected to produce Claimant's alleged subjective symptoms. R. 571.

### B. Claimant's Applications and the ALJ's Decision

On September 20, 2014, Claimant filed applications for DIB and SSI. R. 34. In both applications, Claimant alleges an onset date of June 1, 2014. *Id.* On November 3, 2014, Claimant's applications were denied initially. *Id.* On February 26, 2015, Claimant's applications were denied upon reconsideration. *Id.* On March 17, 2016, Claimant filed a request for hearing. R. 158. On July 8, 2015, Claimant attended a video hearing before the ALJ. R. 53-85. On October 28, 2015, the ALJ issued an unfavorable decision (the "Decision"). R. 34-47. In the Decision, the ALJ determined Claimant's disability through the five-step

---

[1] The parties do not dispute that Dr. Weiss is Claimant's treating physician. Doc. No. 18 at 22, 31.
[2] To the question "on a full time, regular, and continuing basis…can your patient lift and carry 25 pounds for up to 2/3 of an 8-hour workday and 50 pounds for up to 1/3 of an 8-hour workday," Dr. Weiss checked "No." R. 570. To a follow-up question asking "If not, now many pounds should your patient lift and/or carry so as to not aggravate his or her condition," Dr. Weiss wrote "N/A". *Id.* The undersigned interprets Dr. Weiss' actions as finding that Claimant cannot lift due to her impairments.

sequential evaluation process.³ *Id.* At step two of the sequential evaluation process, the ALJ found Claimant to have the following severe impairments: 1) carcinoma of the right breast, status post-chemotherapy and bilateral mastectomy and residual arthralgia and neuropathy; 2) a small C5-C6 herniated nucleus pulposus of the cervical spine; and 3) asthma. R. 36-37. The ALJ also found that Claimant's low back pain and sciatica were not severe impairments:

> While the record documents complaints of low back pain and sciatica…<u>there are [n]o reported abnormalities of the thoracic or lumbar spines on objective testing. Further, no functional limitations are established in conjunction with this condition.</u>

R. 37 (emphasis added). Thus, the ALJ found that Claimant's low back pain and sciatica were not severe impairments because: 1) the objective medical evidence showed no reported thoracic or lumbar spine abnormalities; and 2) there are no additional functional limitations established in conjunction with Claimant's purported back pain and sciatica. *Id.* At step four, the ALJ made a finding on Claimant's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that [Claimant] has the [RFC] to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours total in an 8-hour workday, and sit 6 hours total in an 8-hour workday. She must avoid concentrated exposure to atmosphere conditions such as fumes, odors, dust, and gases.

R. 40. Thus, the ALJ found that Claimant: 1) could lift and/or carry twenty pounds occasionally and ten pounds frequently; 2) could stand and/or walk six hours total in an eight-hour workday;

---

³ The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The ALJ must determine: 1) whether the claimant has engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the severe impairment meets or equals the severity of one of the listed impairments; 4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work; and 5) whether (considering the claimant's RFC, age, education, and work experience) the claimant could perform other work within the national economy. *Id.*

3) could sit for six hours total in an eight-hour work day; and 4) must avoid concentrated exposure to atmosphere conditions such as fumes, odors, dust, and gases. *Id.*

At step four, the ALJ also made a finding on Claimant's credibility, finding Claimant's "statements concerning the intensity, persistence, and limiting effects of limiting effects of the residual symptoms from [her] breast cancer, neck/back pain, and asthma…not entirely credible." R. 42. In making his credibility finding, the ALJ considered Dr. Weiss' treatment notes from January 8, January 22, and April 28, 2015. R. 44, 523-542. The Physical Evaluation and the September 15, 2015 treatment note (collectively, the "New Evidence") were not in the record at the time of the Decision. R. 44, 569-576.

At step four, the ALJ also weighed the opinions in the record:

> As for the opinion evidence, the undersigned affords great weight to the DDS State Agency reconsideration determinations dated February 24, 2015. Dr. Krishnamurthy opined that [Claimant] could perform light work activity on a sustained basis. [Claimant] could lift and carry 20 pounds occasionally and 10 pounds frequently. [Claimant] could stand/walk/sit for about 6 hours during an 8-hour workday, with unlimited pushing/pulling – including environmental limitations only. Lastly there were no [m]ental allegations reported.
>
> The undersigned affords great weight to the DDS State Agency's findings and opinions above because they are credible and supported by the objective medical evidence. The record revealed that [Claimant] was not disabled from performing her daily activities since 2014 for prolonged periods. Accordingly, the DDS State Agency's conclusions with regard to [Claimant's RFC] are accepted.

R. 46 (internal citations omitted). Thus, the ALJ weighed two opinions from non-examining state agency physicians, giving both of their opinions great weight. R. 46. The ALJ then found that Claimant is capable of performing her past relevant work as a medical billing clerk. R. 46.

Because of the foregoing, the ALJ found Claimant not disabled under the Commissioner's regulations. *Id.*

### C. The Appeals Council's Decision and Claimant's Appeal

On November 23, 2015, Claimant filed a request for review of the Decision. R. 28. On December 11, 2015, the Appeals Council denied review (the "Initial Denial"). R. 19. On December 18, 2015, Claimant's counsel requested the Appeals Council to reopen Claimant's file to aid in his legal argument on appeal. R. 16. On January 28, 2016, the Appeals Council reopened Claimant's file and stated the Claimant may send any evidence that is new and material to the issues from the Initial Denial. R. 7. Claimant's counsel submitted the New Evidence to the Appeals Council. Doc. No. 18 at 16-18. On March 15, 2016, the Appeals Council denied review for a second time (the "Second Denial"). R. 1-4. In the Second Denial, the Appeals Council states:

> After considering the additional information, we found no reason under our rules to review the [ALJ's] decision. Therefore, we have denied your request for review…
>
> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of the Appeals Council. We considered whether the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the [ALJ's] decision.

R. 2. Thus, after considering the New Evidence, the Appeals Council found no basis for changing the Decision. *Id.* On May 4, 2016, Claimant filed this appeal. Doc. No. 1.

### II. STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more

than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. NEW EVIDENCE TO THE APPEALS COUNCIL

Claimants may generally present new evidence at each stage of the administrative proceedings. 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1261 (11th Cir. 2007). If additional evidence is presented for the first time to the Appeals Council, it must consider the evidence if it is "new and material" and chronologically relates "to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). New evidence is material if "there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). On appeal, this Court will reverse only if the new and material evidence renders the ALJ's denial of benefits erroneous. *Ingram*, 496 F.3d at 1262.

## IV. ANALYSIS

Central to Claimant's appeal is the Appeals Council's treatment of the New Evidence. Doc. No. 18 at 18-23. Specifically, Claimant argues that the Appeals Council did not adequately consider evidence having a reasonable possibility of changing the Decision. *Id.* at 20-23. Claimant states that: 1) the New Evidence contradicts the ALJ's finding at step two; and 2) the Physical Evaluation contradicts the ALJ's RFC finding. *Id.* at 20-23. In response, the Commissioner argues: 1) the New Evidence is immaterial with regard to step two as the ALJ already found that Claimant suffers from at least one severe impairment; and 2) the Physical Evaluation would not have changed the administrative result because it is contradicted by Dr. Weiss' own treatment notes. *Id.* at 25-30.

### A. Step Two

As stated above, the ALJ found that Claimant's low back pain and sciatica were not severe impairments because: 1) the objective medical evidence showed no reported thoracic or lumbar spine abnormalities; and 2) there are no additional functional limitations established in conjunction with Claimant's purported back pain and sciatica. R. 37. Claimant argues that the New Evidence contradicts the ALJ's step two findings:

> The [New Evidence]…satisfies both of the ALJ's objections. Plaintiff submitted [the Physical Evaluation] as well as Dr. Weiss' [September 15, 2015] treatment notes, which mention, among many other positive clinical findings, an abnormal [September 1, 2015] lumbar MRI showing compression from a small left lateral [herniated nucleus pulposus] at L4-5. Dr. Weiss diagnosed [l]ow back pain with left lateral herniated nucleus pulposus at L4-5 and left radicular symptoms. Dr. Weiss opinioned Plaintiff "was totally disabled for at least a year or two or [is permanently totally disabled].

Doc. No. 18 at 21 (internal citations omitted). Thus, Claimant argues that the New Evidence shows lumbar spine abnormalities and functional limitations stemming from such abnormalities, namely that Claimant has been disabled for at least a year (or is permanently and totally disabled). *Id.* Claimant argues that the New Evidence contradicts the ALJ's aforementioned findings regarding her low back pain and sciatica. *Id.* Accordingly, Claimant argues that such evidence reasonably would have changed the administrative result. *Id.*

The undersigned finds that the New Evidence would not have changed the administrative result at step two. The Eleventh Circuit has held that "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 Fed. Appx. 823, 825 (11th Cir. 2010). In *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987), the Eleventh Circuit held that step two is simply a threshold requirement:

> At step two the ALJ must determine if the claimant has any severe impairment. This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two.

*Jamison*, 814 F.2d at 588 (11th Cir. 1987) (citations omitted) (emphasis added). Thus, *Heatly* and *Jamison* stand for the proposition that the ALJ is under no requirement to find all of Claimant's severe impairments. Even if the New Evidence were considered, the administrative result would not have changed because the ALJ found that Claimant suffered from three severe impairments. *See supra*, pg. 3. Thus, in accordance with *Heatly* and *Jamison*, the undersigned finds that the New Evidence would not have changed the administrative result at step two.

**B. RFC**

Claimant also argues that Appeals Council erred in denying review because the Physical Evaluation contradicts the ALJ's RFC finding:

> <u>[The Physical Evaluation] clearly contradicts the ALJ's [RFC finding]. Dr. Weiss opined that</u> for the period of time beginning [December 6, 2014] (one month prior to Dr. Weiss' first examination) through [July 22, 2015], <u>[Claimant] should not sit more than a total of 3 hours out of an 8-hour day, stand/walk more than a total of 1 hour out of an 8-hour day, and lie down or recline up to 4 hours out of an 8-hour day. R. 569. The ALJ held [Claimant] could stand/or walk 6 hours total in an 8-hour workday and sit 6 hours total in an 8-hour work day.</u>

Doc. No. 18 at 21 (emphasis added). Thus, Claimant argues that the ALJ's consideration of the Physical Evaluation would have changed the administrative result because it contains functional limitations that are more restrictive than the ALJ's RFC finding. *Id.* The Commissioner argues that the Physical Evaluation would not have changed the Decision because it is entitled to little weight. *Id.* at 29. Specifically, the Commissioner argues that the Physical Evaluation is not supported by the objective medical evidence and is inconsistent with Dr. Weiss' own treatment notes. *Id.* at 30-32.

The undersigned finds that there is a reasonable possibility that the Physical Evaluation would have changed the administrative result. *See Ingram*, 496 F.3d at 1262. The Physical Evaluation states that Claimant can sit for three hours and stand/walk for one hour in an eight-hour work day. R. 569. The Physical Evaluation also states that Claimant is unable to lift or carry because of her disability. R. 570. *See also supra* pg. 2 n. 1. The ALJ's RFC finding states that Claimant can sit for six hours total and stand and/or walk six hours total in an eight-hour workday. R. 40. It also states that Claimant is able to lift and/or carry twenty pounds

occasionally and ten pounds frequently. *Id.* Thus, Claimant is correct that the Physical Evaluation contains more restrictive functional limitations than the ALJ's RFC finding.

Courts within this circuit have found reversible error when an ALJ fails to specifically weigh a medical opinion containing limitations that more restrictive than an ALJ's RFC finding. *See Miner v. Astrue,* 3:11–cv–50–J–TEM, 2012 WL 955221, at *5 (M.D. Fla. Mar. 21, 2012) (finding reversible error due to an ALJ's failure to consider a medical opinion's limitations that "are…substantially more restrictive than those contained in the RFC"); *Cox v. Astrue*, Civil Action No. 1:11cv519–WC, 2012 WL 2445067, at 3-4 (M.D. Ala. Jun. 27, 2012) (finding reversible error because a "[medical] opinion is more restrictive than the RFC, [and] the ALJ's deviation from [the medical] opinion is not explained"). Here, while the Physical Evaluation was not before the ALJ, it contains functional limitations that are more restrictive than the RFC finding, creating a reasonable possibility that the Physical Evaluation would have changed the administrative result.

The Commissioner presents evidence which appears to contradict the Physical Evaluation's findings, and argues that the administrative result would not have changed because the Physical Evaluation is entitled to little weight. Doc. No. 18 at 29-32. While it is true that an ALJ can reject a treating physician's opinion because it is inconsistent with the physician's own medical records, the Court declines the invitation to reweigh the evidence. *See Phillips,* 357 F.3d at 1240 n.8 (noting that the Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]'"). In *Mitcham ex rel. K.N.M. v. Commissioner of Soc. Sec.,* No. 6:09–cv–2100–Orl–DAB, 2011 WL 550515, at *6 (M.D. Fla. Feb. 9, 2011), the court refused to reweigh the evidence in a similar situation:

> The new evidence submitted to the Appeals Council includes a functional assessment form on which [claimant's treating physician] asserts that [c]laimant has bipolar disorder, ADHD and an anxiety disorder which results in an extreme limitation in the domain of interacting and relating to others and a marked imitation in the domains of acquiring and using information, attending and completing tasks, caring for herself, and health and physical well being (R. 317). <u>The Commissioner asserts that this evidence does not detract from the substantial evidence upon which the ALJ relied in that the conclusions are not supported by specific objective findings and are contradicted by the notations in treatment notes that indicate Claimant is improving with medication and therapy. While the Commissioner articulates a basis by which the Appeals Council *might* have discredited the conclusions, the Appeals Council's failure to include any substantive analysis of the opinion of this long-standing provider does not show that the Appeals Council "evaluated adequately the new evidence."</u>

*Id.* (emphasis added). Thus, the court refused to reweigh the evidence appearing to contradict a treating physician's opinion submitted to the Appeals Council. *Id.* Instead, the court highlighted the Appeals Council's failure to provide any substantive analysis of the opinion of the claimant's treating physician. *Id.* The Court finds *Mitcham* persuasive. Here, while the Commissioner provides evidence that might have discredited the Physical Evaluation, the Appeals Council did not provide any substantive analysis of the Physical Evaluation. R.2. Once this Court determines there is a reasonable possibility the new evidence would change the administrative result, and that the new evidence was not adequately considered or weighed, reversal is required. *See Mitcham*, 2011 WL 550515 at *6. Accordingly, the undersigned finds reversal and remand is necessary.

V.  **CONCLUSION**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to award judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on April 10, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Bradley K. Boyd
1310 W Eau Gallie Blvd – Suite D
Melbourne, FL 32935

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602-4798

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Denise Pasvantis
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224